IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| **Bryant Matthew Parker,** ) | |
|    Petitioner, ) | |
| ) | |
| v. ) | No. 1:23-cv-151 (AJT/IDD) |
| ) | |
| **VA Parole,** ) | |
|    Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Respondent Virginia Parole Board's ("VPB") Motion for Summary Judgment, [Doc. No. 31] (the "Motion") and Petitioner Bryant Mattew Parker's ("Parker") Motion to Appoint Counsel, [Doc. No. 25] ("Motion to Appoint"). Upon consideration of the Motion, the memoranda in support thereof and in opposition thereto, and for the reasons stated below, the Motion, [Doc. No. 31], is **GRANTED**, and the Motion to Appoint, [Doc. No. 25], is **DENIED**.

## I. RELEVANT BACKGROUND

Parker, a Virginia inmate proceeding *pro se*, filed an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserting the VPB violated his due process rights and violated Virginia Code § 53.1-154 by deferring his next conditional geriatric release hearing for three years, on February 25, 2019 and January 16, 2023. Parker alleges the deferments violated Virginia Code § 53.1-154 because he had less than ten years remaining on his sentence and observes that the next expected parole board hearing will occur after his projected release date.[1] [Doc. No. 5] at 5-6. VPB filed an Answer and Motion to Dismiss, with a brief in support. [Doc. Nos. 14-16]. Parker responded, and the Court denied the motion to dismiss without prejudice and reclassified the civil action as a civil complaint filed pursuant to 42 U.S.C. § 1983. [Doc. No. 21].

---

[1] Parker's undisputed current projected release date is November 21, 2025. [Doc. No. 32-1] ¶ 14.

1

On August 26, 2024, the VPB filed the Motion, with a brief in support, an affidavit, and exhibits. [Doc. Nos. 31-33]. VPB argues that § 53.1-154 only applies to a petition for discretionary parole release and therefore does not apply to Parker because he committed his felony offense after January 1, 1995. Instead, the VPB considered Parker for conditional geriatric release pursuant to Virginia Code § 53.1-40.01, under which the VPB had the authority to defer his next conditional geriatric release for up to three years. Parker filed a motion in opposition, to which he attached exhibits. [Doc. No. 34]. Parker's response admits that he "challenges the [VPB's] deferral of [his] *geriatric conditional release* hearing on two (2) separate occasions, in violation of [his] constitutional right to annual *geriatric release* review." *Id.* at 2 (emphasis added). Parker's response reasserts that the three-year deferments violate rights under § 53.1-154. [Doc. No. 34]. Parker also filed a Motion to Appoint requesting that the Court appoint him counsel for the present action. [Doc. No. 25].

## II. UNDISPUTED MATERIAL FACTS

The relevant material facts are not disputed by either party.

1. In Virginia, inmates who commit felony offenses on or after January 1, 1995 are not eligible for discretionary parole consideration. *See* Va. Code § 53.1-165.1.

2. On October 1, 2013, Parker was sentenced to an active term of 16-years' incarceration (20-year sentence with 4 years suspended) for a malicious wounding conviction, which was committed on December 2, 2011. [Doc. No. 32] ¶ 4.

3. Parker is not eligible for release on discretionary parole pursuant to Virgina Code § 53.1-151 because the offense he committed was committed after January 1, 1995. VA CODE § 53.1-151.

4. Virginia Code § 53.1-40.01 provides inmates the opportunity to petition the parole board for geriatric conditional release if an inmate is "(1) serving a sentence imposed upon a conviction for a felony offense, other than a Class 1 felony," and (2) "65 years or older and [] has served at least five years of the sentence imposed" or (3) where the inmate "has reached the age of sixty or older and who has served at least ten years of the sentence imposed."

6. Parker was considered for geriatric conditional release on three occasions. The first review was on October 2, 2017.[2] In a letter dated November 28, 2017, the VPB stated that it had "recently reviewed [his] case for potential release on geriatric conditional release," and notified Parker that it had voted not to grant him "geriatric conditional release" because his release at that time would diminish the seriousness of the crime, he needed further participation in institutional work and/or educational programs to indicate his positive progression towards re-entry into society, and concluded by stating that he should serve more of his sentence prior to release on parole. [Doc. No. 32-1] at 3-4; [Doc. No. 34] at 3-4.

7. The VPB next considered Parker for geriatric conditional release on December 12, 2018. In a letter dated February 25, 2019, the VPB stated that it had "recently reviewed [his] case for potential release on geriatric conditional release," and had voted not to grant him "geriatric conditional release" because it considered him to be a risk to the community, the serious nature and circumstances of his offense would diminish the seriousness of the crime, and concluded by stating that he should serve more of his sentence prior to release on parole. [Doc. No. 32-1] at 4, 13-14; [Doc. No. 34] at 3-4. This letter stated that the VPB was deferring his next review for three years and cited Virginia Code § 53.1-154. [Doc. No. 32-1 at 13].

---

[2] Parker's review was supposed to take place in June or July 2017, but the VPB "lost" his file and his review was postponed to October 2, 2017. [Doc. 14-1] at 10.

3

8. Parker was considered for geriatric conditional release a third time on November 15, 2022. In a letter dated January 17, 2023, the VPB stated that it had "recently reviewed [his] case for potential release on geriatric conditional release," and had voted not to grant him "geriatric conditional release" because his release at that time would diminish the seriousness of the crime, the serious nature and circumstances of his offense, that he should serve more of his sentence prior to release on parole, the crimes he committed, and the VPB considered him a risk to the community. [Doc. No. 32-1] at 4, 15-16; [Doc. No. 34] at 4-5. The letter stated that the VPB was deferring his next review for three years and cited Virginia Code § 53.1-154. [Doc. No. 32-1] at 16.

9. Parker's next VPB interview will be conducted during the fourth quarter (either October, November, or December) of 2025. [Doc. No. 32] ¶ 9.

10. In 2022, the Virginia General Assembly provided the VPB with the authority to defer geriatric conditional release for three years. *See* 2022 Va. Acts 2. [Doc. No. 32-1] at 9.

### III. STANDARD OF REVIEW

A. *Summary Judgment*

Summary judgment is appropriate only when the Court, viewing the record as a whole and in the light most favorable to the nonmoving party, finds that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see Tolan v. Cotton*, 572 U.S. 650, 655-57 (2014). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The interpretation of a statute is a question of law, and such questions are particularly appropriate for summary judgment. *Masters v. Hesston Corp.*, 291 F.3d 985, 989 (7th Cir. 2002); *see Rectory Park, L.C. v. City of Delray Beach*, 208 F. Supp. 2d 1320, 1329 (S.D. Fla. 2002) ("Interpretation of a statute or ordinance is a question of law and therefore may be determined by the court on a motion for summary judgment."), *aff'd*, 82 F. App'x 221 (11th Cir. 2003).

B. *Motion to Appoint Counsel*

"A *pro se* prisoner does not have a general right to counsel in a § 1983 action." *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds by* Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989). Further, this Court's power to appoint counsel under 28 U.S.C. § 1915(e)(1) is discretionary, and, to qualify, an indigent claimant must present "exceptional circumstances." *See id.* Exceptional circumstances exist where a "*pro se* litigant has a colorable claim but lacks the capacity to present it." *Id.* at 163.

## IV. ANALYSIS

The VPB argues that it is entitled to summary judgment because (i) it is not a "person" under 42 U.S.C. § 1983, and (ii) Parker has no due process rights to a yearly geriatric conditional release review.

A. *VPB is not a "person" under § 1983.*

42 U.S.C. § 1983 permits a plaintiff to file a civil action against "[e]very person" who under the color of law "depriv[es the plaintiff] of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. A "person" under section 1983 does not include a state or state agency. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989); *Chin v. City of Baltimore*, 241 F. Supp. 2d 546, 548 (D. Md. 2003); *see also Randolph v. N.J. State Parole Off.*, No. 07-376, 2007 WL 1521189, at *3-4 (D.N.J. May 21, 2007) ("[T]he New Jersey State Parole

5

Board is not a 'person' subject to suit under 42 U.S.C. § 1983."). Because the VPB is a state agency, it cannot be sued pursuant to 42 U.S.C. § 1983.

For this reason, Parker's Motion is denied.

B. *Parker has no valid liberty interest in a yearly conditional geriatric release hearing.*

The Due Process Clause forbids the government from "depriv[ing] any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV. Virginia state prisoners only have a limited liberty interest in parole. *See Burnette v. Fahey*, 687 F.3d 171, 181 (4th Cir. 2012). However, where a state statute sets out "the right for parole consideration at a specified time," there is a protected liberty interest in this substantive right, but not in the procedures themselves. *See Hill v. Jackson*, 64 F.3d 163, 170 (4th Cir. 1995); *see also Burnette*, 687 F.3d at 181 ("Virginia law gives rise to a limited interest in *consideration* for parole, but not in parole release.") (emphasis added).

Parker alleges that his due process rights were violated when the VPB deferred his review for conditional geriatric release for three years rather than reviewing it annually on two occasions. [Doc. No. 5] ¶ 1. These deferments were issued on February 25, 2019 and January 17, 2023. *Id.* ¶¶ 2-3. Parker alleges that § 53.1-154 requires that the VPB review his parole eligibility each year because he has fewer than ten years remaining on his sentence. *See* VA. CODE § 53.1-154. However, this statutory provision is for *discretionary parole*[3] and does not apply to Parker because he was sentenced after January 1, 1995. *See id.* § 53.1-165.1 ("The provisions of this article, except

---

[3] The Fourth Circuit noted the difference between discretionary parole and conditional geriatric release in *Burnette v. Fahey*, 687 F.3d 171 (4th Cir. 2012). *Burnette* traced the relevant history of parole in Virginia noting that before January 1, 1995, "Virginia law provided for discretionary parole of incarcerated offenders." *Id.* at 175. In 1994, however, Virginia "abolished discretionary parole for all persons incarcerated for felony offenses committed on or after January 1, 1995. *See* VA. CODE ANN. § 53.1-165.1. . . . [but] did not disrupt the availability of discretionary parole for persons who committed crimes prior to 1995." *Id.* Meanwhile, conditional geriatric release is a separate program which can provide release for prisoners who are "(i) age[d] sixty-five or older who have served at least five years of their imposed sentences or (ii) ages sixty or older who have served as least ten years of their imposed sentences." *Burnette*, 687 F.3d at 175.

§§ 53.1-160 and 53.1-160.1, *shall not apply* to any sentence imposed or to any prisoner incarcerated upon a conviction for a felony offense committed on or after January 1, 1995.") (emphasis added).

> Instead, § 53.1-40.01 sets out the conditions for conditional geriatric release:
>
> Any person serving a sentence imposed upon a conviction for a felony offense, other than a Class 1 felony, (i) who has reached the age of sixty-five or older and who has served at least five years of the sentence imposed or (ii) who has reached the age of sixty or older and who has served at least ten years of the sentence imposed may petition the Parole Board for conditional release. The Parole Board shall promulgate regulations to implement the provisions of this section.

VA. CODE § 53.1-40.01. The VPB has the authority to defer an inmate's conditional geriatric release review for up to three years pursuant to Virginia's 2018, 2020, and 2022 Appropriation Acts. The 2022 Virginia Appropriation Act states:[4]

> Notwithstanding the provisions of § 53.1-40.01, Code of Virginia, the Parole Board shall annually consider for conditional release those inmates who meet the criteria for conditional geriatric release set out in § 53.1-40.01, Code of Virginia, except that upon any such review the Board may schedule the next review as many as three years thereafter. If any such inmate is also eligible for discretionary parole under the provisions of Virginia Code Section 53.1-151 *et seq.*, the board shall not be required to consider that inmate for conditional geriatric release unless the inmate petitions the board for conditional geriatric release.

2022 Va. Acts, ch. 854, Item 433, § 1-120, https://budget.lis.virginia.gov/amendment/2020/2/HB5005/Introduced/FR/429/2h/. The 2022 Appropriations Act was enacted on June 22, 2022 and effective on July 1, 2022. *See* 2022 Va. ALS 2, 2022 Va. Acts 2, 2022 Va. Ch. 2, 2022 Va. HB 30 (Part 3 of 3).

In short, Parker had no liberty interest in an annual review for conditional geriatric release because the state provides no such interest. Although somewhat cumbersome because it is placed

---

[4] The 2018 Special Session I Appropriations Act and the 2020 Appropriations Act each contain the same language as the 2022 Appropriations Act regarding the authority to defer a conditional geriatric release for up to three years. *See* 2018 Va. Acts, ch. 4, Item 423, https://budget.lis.virginia.gov/bill/2018/2/; *see also* 2020 Va. Acts, ch. 4, Item 423, § 1-119, https://budget.lis.virginia.gov/get/budget/3619/HB5002/.

within the Appropriation Acts, the Virginia General Assembly did provide the authority to defer conditional geriatric release for up to three years. Thus, when the VPB voted to deny conditional geriatric release in February 2019 and January 2023, it had statutory authority to defer Parker's next review for three years. *See* 2022 Va. Acts, ch. 854, Item 433, § 1-120, https://budget.lis.virginia.gov/amendment/2020/2/HB5005/Introduced/FR/429/2h/.

The Court's ruling is not changed merely because VPB cited the discretionary parole release statutory provision rather than conditional geriatric release provision in its letters denying Parker's petition for parole. This scrivener's error is, at best, an error of state law. Even if the Court were to assume it was somehow of constitutional significance, the error would be harmless.

> In the context of alleged constitutional errors at trial, the appropriate harmless error inquiry presented on federal habeas review is whether the error had a "substantial and injurious effect or influence in determining the jury's verdict." Cooper v. Taylor, 103 F.3d 366, 370 (4th Cir. 1996) (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 638 (1993)). Adapting this standard to fit this context, the burden is on petitioner to demonstrate that the Parole Board's failure to provide him with its criteria before his parole reviews had a substantial and injurious effect or influence on its repeated determination that petitioner was unsuitable for parole. Petitioner has failed to satisfy his burden.

*Jennings v. Parole Bd.*, 61 F. Supp. 2d 471, 472-73 (E.D. Va. 1999). While Parker may have found an error, he has not shown that the error "had a substantial and injurious effect or influence on [the VPB's] repeated determination that petitioner was unsuitable for" geriatric conditional release. *See id.*

Accordingly, the Motion is granted.

C. *Parker's Motion to Appoint is denied because he lacks a colorable claim.*

Because Parker has not demonstrated that he has a colorable claim, the Court also denies his Motion to Appoint. *See Whisenant*, 739 F.2d at 163.

8

## V. CONCLUSION

For the reasons above, the Motion, [Doc. No. 31], is **GRANTED**, and the Motion to Appoint, [Doc. No. 25], is **DENIED**.

This is a final Order for the purposes of appeal. To appeal this decision, plaintiff must file a written notice of appeal with the Clerk's office within thirty (30) days of the date of this Order. *See* FED. R. APP. P. 4(a). A written notice of appeal is a short statement indicating a desire to appeal and including the date of the Order the plaintiff wishes to appeal. Failure to file a timely notice of appeal waives the right to appeal this decision.

The Clerk is directed, pursuant to Federal Rule of Civil Procedure 58, to enter final judgment in favor of Defendant; to send a copy of the Memorandum Opinion and Order to Plaintiff *pro se* and to counsel of record for Defendant; and to close this civil action.

October 28, 2024
Alexandria, Virginia

_____
Anthony J. Trenga
Senior U.S. District Judge

9